**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HUMANE WORLD FOR ANIMALS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-1372 (SLS)<br>Judge Sparkle L. Sooknanan |

**ORDER**

This is an Administrative Procedure Act (APA) action challenging the United States Department of Agriculture's (USDA) administration and enforcement of the Horse Protection Act. The Tennessee Walking Horse National Celebration Association (the Association), an organization that operates shows for walking horses, has moved to intervene as a Defendant. The Court finds that permissive intervention is appropriate under Federal Rule of Civil Procedure 24(b).

In April 2026, Humane World for Animals and several individual Plaintiffs sued the USDA, the Animal Plant Health Inspection Service, and officials at those agencies, challenging the "constructive withdrawal" of several rules designed to protect horses from abuse. Compl., ECF No. 1. Several months later, the Association moved to intervene as a Defendant. Mot. to Intervene (Mot.), ECF No. 9. The Plaintiffs opposed intervention. Pls.' Opp'n to Mot. to Intervene (Opp'n), ECF No. 11; *see also* Reply, ECF No. 12. And the Defendants indicated to the Association that they opposed intervention as of right, but not permissive intervention. Mot. at 2. Around the same time, the Northern District of Texas entered final judgment in a similar case brought by the

Association, vacating three of the rules originally at issue in this case. *See Gould v. USDA*, No. 25-cv-147-Z, 2026 WL 2547346 (N.D. Tex. Aug. 28, 2026). The Plaintiffs then filed an Amended Complaint, dropping their claims relating to those three rules. Am. Compl., ECF No. 13. The operative Amended Complaint now challenges USDA's decision to suspend implementation of a 2024 Final Rule set to change the regulations governing the walking horse industry—most notably by altering regulations that govern how horses are inspected to prevent the cruel practice of horse soring. *Id.* ¶¶ 100–11. The Court considers the Association's motion in light of the Plaintiffs' Amended Complaint.

Federal Rule of Civil Procedure 24 allows for two forms of intervention: intervention as of right and permissive intervention. Rule 24(b) allows courts to grant permissive intervention when (1) the intervenor makes a timely motion, (2) the intervenor "has a claim or defense that shares with the main action a common question of law or fact[,]" and (3) intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1), (3). And in this Circuit, an intervenor-defendant must show that it has Article III standing, *see Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 316 (D.C. Cir. 2015), unless it is "seek[ing] the same relief sought by at least one existing party," *Institutional S'holder Servs., Inc. v. SEC*, 142 F.4th 757, 764 n.3 (D.C. Cir. 2025). Generally, "[a]s its name would suggest, permissive intervention is an inherently discretionary enterprise." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

The Association seeks either intervention as of right or permissive intervention. Because the Court finds that permissive intervention is appropriate, it need not evaluate whether the Association may intervene as of right. *See, e.g.*, *Black v. LaHood*, No. 11-cv-1928, 2012 WL 13054502, at *1 (D.D.C. Apr. 30, 2012) (same approach); *Amgen Inc. v. Kennedy*, No. 24-cv-

3571, 2026 WL 202157, at *2 (D.D.C. Jan. 27, 2026) (same); *see also* Mot. at 2 (noting that the Defendants oppose intervention as of right, but not permissive intervention).

Starting with standing, the Association seeks the same outcome as the Government: postponement of the effective date of the 2024 Final Rule. *See* Mem. in Support of Mot. to Intervene (Mem. in Support) at 17–18, ECF No. 9-1. So it need not demonstrate its own standing. That said, the Court is satisfied that the Association has standing given that it would be harmed if the 2024 Final Rule went into effect as planned. *See* Reply at 5–6 (explaining that the Association's horse shows could not bear the shortages or costs associated with the 2024 Final Rule).

Turning to the Rule 24(b) requirements, they are all satisfied. *First*, the Plaintiffs do not contest the timeliness of the Association's motion. *See* Opp'n at 10 n.6. And the Court agrees that the motion, which was filed before the Defendants' answer, is timely. *See Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 14 (D.D.C. 2010) (holding that plaintiffs were not prejudiced when a prospective defendant-intervenor moved to intervene weeks before the amended complaint and answer); *Black*, 2012 WL 13054502, at *1 (finding timely a motion to intervene filed four months after initiation of the suit and prior to the answer). *Second*, the Association plainly "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Like the Government, the Association plans to argue that postponement of the 2024 Final Rule was permissible and warranted. Reply at 2–3. *Third*, the Association's participation would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Plaintiffs claim that "[t]he involvement of the Association as a permissive intervenor will only serve to complicate the case and prejudice the existing parties by risking the involvement of interests that are not germane to the case at issue. The Association is trying to turn this case into something it is not: litigation over the merits of the rules rather than over their

constructive withdrawal." Opp'n at 13. The Court is not convinced. The Association intends to defend USDA's decision to suspend implementation of the 2024 Final Rule, not challenge the rule itself. *See* Reply at 5. Indeed, as the Plaintiffs point out, the Association has already *lost* its challenge on the merits in separate litigation. *See Tenn. Walking Horse Nat'l Celebration Ass'n v. USDA*, 765 F. Supp. 3d 534, 547–550. (N.D. Tex. 2025). The Association has also "agree[d] to abide by all case deadlines moving forward." Mem. in Support at 24. And broadly, the Court agrees that the advantages of intervention (such as "litigative economy, reduced risks of inconsistency, and increased information") are likely to outweigh the downsides (such as "issue proliferation and confusion"). *Massachusetts Sch. of L. at Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997).

With the foregoing requirements satisfied, the Court concludes that permissive intervention is appropriate. The Court thus GRANTS the Association's Motion to Intervene, ECF No. 9. The Association shall respond to the Amended Complaint by November 12, 2026, and shall otherwise comply with the same deadlines as the existing Government Defendants.[1]

**SO ORDERED**

SPARKLE L. SOOKNANAN
United States District Judge

Date: October 28, 2026

[1] In its motion, the Association noted its intent "to separately file a motion to transfer this matter to the Northern District of Texas" should intervention be granted. Mem. in Support at 25. The Court has reviewed that proposed motion and accompanying memorandum in support, *see* Proposed Mot. to Transfer, Ex. D, ECF No. 9-5; Proposed Mem. in Support, Ex. E, ECF No. 9-6, and is deeply skeptical that transferring this case would be appropriate, particularly given the Northern District of Texas's recent final judgment and the nature of the Plaintiffs' Amended Complaint. The Court will hold the Association to its word that it will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).